Arguments not to exceed 15 minutes per side, Ms. Chartier-Mittendorf for the appellant. Good morning, your honors. May it please the court, my name is Mary Chartier and I'm the appointed appellate counsel for Rhada Smith, who is not in the courtroom here today. With the court's permission, I'd like to reserve two minutes for rebuttal. Yes, thank you. Thank you, your honor. There were three issues raised in the brief. I'd like to start with issue number three as it relates to the jury instruction, although I'm happy to answer questions about any issue at any time that the court may have. Ms. Smith was charged and convicted of one conspiracy count, and the basis was there was a conspiracy to possess and utter counterfeit securities, in essence bad checks were passed, or bank fraud. The jury instruction for bank fraud is found in 10.03, and immediately following that is a jury instruction for good faith, a good faith defense to bank fraud, which is in 10.04. Ms. Smith's counsel joined other attorneys in requesting that the good faith instruction be given to the jury, and the trial court rejected that motion and request because it stated that Ms. Smith and others were not charged with the substantive count of bank fraud, and because it was conspiracy, a good faith defense instruction should not be given. The court believed that because the instruction provided to the jury had knowingly in the instruction, that that was enough for the jury to determine whether good faith was applicable or not. And I would point out to the court, I believe this is incorrect. The bank fraud jury instruction also uses the term knowingly, but the court recognizes that a good faith defense can go hand in hand with the bank fraud jury instruction. The fact that knowingly is provided in the jury instruction for bank fraud does not negate the fact that good faith defense jury instruction should be given when the facts warrant that. I guess you could argue that it would have probably aided the defendant, but that's not what we have to decide is whether or not it was compulsory. It's not compulsory, it is with the discretion of the court, but we would put forth that it was an abuse of discretion because there were facts that were elicited during the trial that would warrant the good faith jury instruction to be given. And because when there is a defense put forth by a defendant, in this case Ms. Smith, of good faith and facts are elicited at trial to support that, then the discretion does leave the court and the jury instruction should be given. In this situation, that was Ms. Smith. I don't remember if you found a case that has this very scenario where there's these two instructions, knowingly requirement and an abuse of discretion in failing to give the good faith. I could not find a case, unfortunately, that fit this fact scenario squarely. There was a case that I did cite in my brief where the court had indicated that because the, in a slightly different matter, because the jury was instructed on the mindset of willfulness, that then that was sufficient for a good faith. But this is, I don't believe, fits with this scenario because the jury instructions, again, they recognize that a jury on a bank fraud case will be instructed that a defendant had to act knowingly. They also recognize that when there is a defense of good faith, that instruction should be given. They go hand in hand. And likewise, in a conspiracy case, because the substantive nature of it was bank fraud, the good faith instruction should have been given. Conspiracy in and of itself isn't a crime. We could, I think someone actually said on the transcripts, we could conspire to do good works. There has to be a conspiracy to commit an illegal act. And so the fact that this was a conspiracy to commit bank fraud case and not a substantive bank fraud case does not negate the need for the good faith jury instruction. Another critical part of the good faith jury instruction is that it discusses the burden of proof. For a jury, what we may consider to be second nature when we go to trial isn't. And juries are always left wondering who has to prove what. During voir dire, we see that all the time where jurors will say, well, I want to hear something from the defense, even though the defense has nothing to prove. The good faith jury instruction articulates that, again, to the jury, that the defendant does not have to prove good faith. The burden is on the prosecutor. And this jury didn't hear that. And because of that, Ms. Smith was wrongfully convicted. The court erred in not providing that jury instruction as requested. There were two other issues raised. One is the pre-indictment delay. I recognize that under 12b-2 and 12b-3, there are two categories of motions, one that may be filed before the trial court and one that must be. And the 12b-3 are ones that must be, and those would cover pre-indictment delay. But I would put forth that this is more naturally falling within 12b-2, which are the ones that may be filed, but they don't necessarily have to be filed unless they can be determined without a trial. In this situation, the trial was needed for Ms. Smith's counsel to determine what the prejudice to her would be because of the four-year delay. I believe I stated in my brief it was five years, and reviewing the record, it actually was four years, 2007 of August to 2011 August, when the indictment was brought forth. It was a four-year delay, very difficult for the case to be investigated, but not so difficult that trial counsel should not have moved forward. There was no evidence that was put forth about the gentleman whom Ms. Smith stated was her classmate. Counsel didn't file a challenge to that at the time. Correct, Your Honor, correct. Now, the issue of waiver comes in, and did Ms. Smith waive? Did she intentionally relinquish a known right? I would put forth she didn't. This was Ms. Smith's first foray into the criminal justice system, first foray into the federal system, which was extremely overwhelming. She relied on counsel. I hardly ever take that part into account, as you know, counsel. I know, but I just wanted to maybe put a little context in there for Ms. Smith, who, again, is a newcomer to the federal system and relied on counsel, and relied on counsel to investigate her case. It appears counsel did not. We filed a motion for amend, which was rejected by this court. We would ask the court to consider either reversing Ms. Smith's conviction and allowing her to go forth with a new trial based on the jury instruction, or remanding for a hearing on ineffective assistance of counsel with the failure to investigate. I do understand that the normal recourse is that Ms. Smith files a 2255, but there she's not necessarily appointed counsel. Here she does have counsel. I thought I would bring it forth to this panel's attention. Well, you know, the other problem is, frankly, she may decide you didn't represent her at trial. No, ma'am. There may be other things that she ends up wanting to complain about, and, you know, it could be taken as a waiver that they weren't raised here. So often my feeling is that I'm denying this issue, don't want to hear this issue now because it may jeopardize other issues that she doesn't realize she has now that she later wants to bring. So there's that, too. And that could be, in discussing the matter with Ms. Smith, and we've spoken a number of times, I believe that this encompasses her concern about trial counsel's performance, the lack of investigation, and what we were able to uncover. Well, is it only about whether this person went to school with her or not? Is that basically it? It's whether they went to school together, what was his physical condition. She talked about the fact that he had a physical disability, and it appears that he did. There was a phone call between the agent and Ms. Smith. All right. I have one other question. It looks like all the rest of these people pleaded guilty. No, a fair number of them went to trial. One, I believe, was acquitted, and the others were found guilty. Okay. Thank you. Thank you. I don't think there's anything wrong with ending early. If there are any other questions, I'm happy to answer them. Otherwise, I'll turn it over to the prosecutor. Thank you. Thank you. Good morning. Kim Robinson on behalf of the United States. I'd like to start this morning with the ineffective assistance claim. The United States is asking this court to affirm without addressing the merits of the ineffective assistance claim. If this court does address it, we're asking to affirm because there is no prejudice. The record doesn't show whether the attorney contacted Lionel, whether the attorney could find Lionel, or why she did. Well, that's the reason we don't like to deal with it at this point. There really isn't a record. Correct. And for that reason, we think it's appropriate to affirm without addressing the merits of the ineffective assistance claim. The good faith claim that counsel was discussing this morning, the jury instruction's decision is reversible only if the proposed statement was not a correct statement of law and was not substantially covered by the charge, and the United States believes that it was not a correct statement, and the district court found that it was not a correct statement of law and that it was substantially covered by the charge given. The charge given on the state of mind was indicated that she had knowingly and voluntarily joined the conspiracy or allowed the jury to decide that. For the securities, substantive claim described the necessary intent to deceive the bank, and for the bank fraud conspiracy, required an intent to defraud. There was also a separate instruction on deliberate ignorance for the conspiracy possession of counterfeit securities, and all of those substantively covered her desired state of mind charge. The statement also was not a correct misstatement of law for conspiracy and would have been too confusing for the jury. As counsel mentioned, the proposed instruction was for the substantive, one of the two substantive objects of the conspiracy. The charge here was for conspiracy to defraud and conspiracy possession of counterfeit securities. So the instruction which implied that good faith negated the entire conspiracy was incorrect and would have been confusing to the jury. So there is no grounds to reverse the district court's decision on the jury instruction and no abuse of discretion, unless you have any more questions. Apparently not. Thank you so much. Thank you. Any rebuttal? Just one brief point, and I actually will be brief. I just want to point out that it was not a correct statement of the law and that her defense wasn't given to the jury. And so while it may be a partially correct statement of the law and that the jury instruction comported with this court's pattern jury instructions, Ms. Smith's defense was never provided to the jury. The jury was never provided instructions from the court that they could follow that discussed not only her defense but also the burden resting with the prosecutor as it relates to the defense. And that is the core when a jury goes back into the jury room to determine whether this young woman is guilty or not guilty. Thank you, Your Honors. Thank you very much. And the case is submitted. Ms. Cotier-Mittendorf, I know you took this case under the Criminal Justice Act and that you did that as a service to the court, so the court would like to express its appreciation for your representation. Thank you, Your Honor. Thank you. There being no further cases for argument, the remaining cases being on the briefs, you may adjourn court. This honorable court is now adjourned.